

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal Action No. 0:18-557-MGL-9 |
| | § | |
| CARL MICHAEL MANN II, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

---

## I.     INTRODUCTION

Pending before the Court is Defendant Carl Michael Mann's (Mann) motions for compassionate release. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

A jury convicted Mann of conspiracy to possess with intent to distribute and distribution of 400 grams or more of fentanyl, 500 grams or more of methamphetamine, a quantity of cocaine, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, and 851, and possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C.

At sentencing, Mann received a total offense level of thirty-eight and a criminal history category of VI. Together, this meant his Guideline range was 360 months to life imprisonment.

The Court, however, granted a variance and sentenced him to 300 months of imprisonment, followed by ten years of supervised release. He has a projected release date of April 16, 2039.

The Fourth Circuit recently affirmed Mann's conviction. While his appeal was pending, Mann filed these motions for compassionate release. The government responded, but Mann failed to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motions.


### III.     STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)). In doing so, the Court must consider whether the extraordinary and compelling reasons set forth by the defendant are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related thereto; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity

to" the circumstances enumerated in paragraphs (1) through (4); and (6) in some circumstances, where there has been a qualifying change in law. U.S.S.G. § 1B1.13(b).

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

## IV.     DISCUSSION AND ANALYSIS

As a preliminary matter, the government concedes Mann has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will thus proceed to consider the merits of his motions.

### A.     *Whether Mann presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

#### 1.     *Whether Mann's family circumstances constitute extraordinary and compelling reasons*

First, Mann argues he is entitled to compassionate release because his father is suffering from Stage 5 kidney failure, needs a transplant, and will also require assistance during recovery.

The government, on the other hand, asserts "Mann has not shown, as is required, that he is the only person who can provide his father with a kidney or who would be the sole caregiver of his father." Government's Response at 11. The government notes "Mann's father has additional

3

relatives, including [two] . . . sons, who live near him that could provide the necessary assistance." *Id.* at 11–12.

To constitute extraordinary and compelling reasons based on the defendant's need to care for his parent, the policy statement requires "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(A).

Here, however, Mann neglects to offer evidence he has been screened for organ donation, his kidney is suitable for direct donation or exchange, or he is the only caregiver available for his father. Mann has four paternal siblings, at least two of whom live near his father, who may be able to serve either as a kidney donor or caregiver. Moreover, it is uncertain whether Mann would qualify as a donor, given his history of alcohol abuse. And, even if Mann qualifies for donation, the Bureau of Prisons (BOP) has a furlough program for which Mann may be eligible. The Court is thus unable to conclude Mann's purported need to donate a kidney or care for his ailing father constitute extraordinary and compelling reasons.

Mann next alleges he needs to care for his minor daughter, E.M., as her mother Tiffany Watson (Watson) suffered a brain aneurysm and Watson's elderly parents are now caring for E.M. Mann maintains Watson's father experienced a heart attack several years ago, and her mother has undisclosed health issues.

Like the standard set forth above, to constitute extraordinary and compelling reasons based on the defendant's need to care for his minor child, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.13(b)(3)(A).

Even assuming Watson currently remains incapacitated, Mann has failed to demonstrate other caregivers are unavailable to assist in raising E.M. The record indicates Mann has several relatives, including an adult son and three brothers, who reside near E.M. Yet, Mann has neglected

4

to allege these individuals are unavailable to care for her. Nor has Mann established Watson's parents are either incapacitated or unable to render adequate care to E.M. Accordingly, Mann's alleged need to care for E.M. also fails to qualify as extraordinary and compelling reasons.

>    **2.     *Whether Mann's rehabilitative efforts constitute extraordinary and compelling reasons***

Mann next maintains his rehabilitation and behavior while incarcerated are extraordinary and compelling reasons. But, the government contends Mann's post-sentencing conduct fails to support a sentence reduction.

Although Mann alleges he has completed several rehabilitative and educational programs for which the Court commends him, the Court agrees with the government such strides fail to warrant compassionate release. *See* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). The Court is thus unpersuaded these efforts constitute extraordinary and compelling reasons.

>    **3.     *Whether the length of Mann's sentence constitutes extraordinary and compelling reasons***

Finally, Mann argues his sentence is unusually long and harsh compared to the other defendants charged in his indictment. The government insists sentence disparity is lacking here.

Mann evidently relies on U.S.S.G. § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Even assuming Mann received an unusually long sentence, he has yet to serve at least ten years of his sentence. This alone renders U.S.S.G. § 1B1.13(b)(6) inapplicable. So, the length of Mann's sentence also fails to constitute extraordinary and compelling reasons.

### B.     Whether the Section 3553(a) factors weigh in favor of a sentence reduction

Even if the Court determined extraordinary and compelling reasons exist, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Mann's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed—

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes by the defendant;

    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for [the offense] . . . ;

(5)     any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Mann was convicted of serious offenses. He was involved in a large-scale drug conspiracy that lasted roughly four years and was responsible for the distribution of myriad drugs throughout Rock Hill, South Carolina, and Charlotte, North Carolina. Mann himself manufactured hundreds of thousands of counterfeit fentanyl-based pills for the drug trafficking organization. And, at least

once, Mann traveled to Los Angeles, California, to procure methamphetamine on behalf of the organization.

Mann, who is now forty-two, has an extensive criminal history beginning at age seventeen. Such history includes convictions for possession of marijuana, using a vehicle without the owner's consent, breaking and entering an automobile, distribution of crack cocaine, purchasing and possession alcohol as a minor, driving under suspension, possession of crack cocaine, resisting arrest, contributing to the delinquency of a minor, unlawful carrying of a pistol, possession with intent to distribute crack cocaine, and receiving stolen goods.

As the Court stated above, Mann contends he has taken steps toward rehabilitating himself while in custody. Though the Court is pleased with Mann's rehabilitative efforts and encourages him to continue them, he has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (stating "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Thus, upon balancing the Section 3553(a) factors, the Court determines Mann is unentitled to a sentence reduction. His current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case.


## V.      CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Mann's motions for compassionate release, ECF Nos. 2156 and 2188, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 14th day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE