

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No.: 0:18-557-MGL-9 |
| § | |
| CARL MICHAEL MANN II, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

### I.   INTRODUCTION

Pending before the Court is Defendant Carl Michael Mann II's (Mann) motion for reconsideration, in which he challenges the Court's order denying his motions for compassionate release. Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

A jury convicted Mann of conspiracy to possess with intent to distribute and distribution of 400 grams or more of fentanyl, 500 grams or more of methamphetamine, a quantity of cocaine, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, and 851, as well as possession with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851.

At sentencing, Mann received a total offense level of thirty-eight and a criminal history category of VI. Together, this meant his Guideline range was 360 months to life. The Court, however, granted a variance and sentenced him to the statutory minimum of 300 months of imprisonment, followed by ten years of supervised release. He has a projected release date of April 16, 2039.

Mann recently filed motions for compassionate release, claiming his family circumstances, rehabilitation, and the length of his sentence all constitute extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The Court denied the motions in a written order, after which Mann filed this motion for reconsideration.

### III.     STANDARD OF REVIEW

The Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration. Accordingly, courts look to the rules governing civil cases as a substantive guidepost. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010))).

Under Federal Rule of Civil Procedure 59(e), the Court may alter or amend an order "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of [an order]." *Exxon Shipping Co.*

*v. Baker*, 554 U.S. 471, 485 n.5 (2008). "[M]ere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Indeed, "reconsideration of [an order] after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## IV.  DISCUSSION AND ANALYSIS

The Court entered its order denying Mann's motions for compassionate release on October 14, 2025. The United States Postal Service postmarked this motion ten days later, on October 24, 2025.

Ordinarily, a document is deemed to be filed at the time a prisoner relinquishes it to prison officials. *Lewis v. Richmond v. City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Inasmuch as the date Mann delivered the motion to prison officials is unavailable, however, the Court will consider his motion filed October 24, 2025. This is within the time allowed under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend [an order] must be filed no later than [twenty-eight] days after the entry of [the order]."). So, the Court will proceed to consider the merits of his motion.

Because Mann has asserted neither an intervening change in controlling law nor newly discovered evidence, the Court will presume he is arguing alteration or amendment is necessary to correct a clear error of law or prevent manifest injustice.

First, Mann suggests the Court disregarded correspondences stating his two brothers are medically unable to donate a kidney to their ailing father. As the Court implied in its prior order, however, Mann has at least two paternal sisters who may be able to serve as a kidney donor. And, in any event, Mann has neglected to establish he is the only available caregiver as required by the

provision of the policy statement on which he relies. *See* U.S.S.G. § 1B1.13(b)(3)(A) (requiring "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"). The Court is thus unable to alter or amend the order on this ground.

Second, Mann challenges the Court's statement the Bureau of Prisons (BOP) has a furlough program for which he may be eligible. Mann avers furloughs are available only for inmates housed in minimum-security facilities, and he is ineligible for such placement.

As the Court explained in the order, it is uncertain whether Mann would qualify for an organ exchange program, given his history of alcohol abuse. And, even if Mann qualifies, he was recently transferred to Federal Medical Center Lexington. According to the BOP's policy on organ donation by inmates, U.S. Dep't of Just., Federal Bureau of Prisons Program Statement No. 6031.05 § 24 (May 14, 2024), Mann may discuss organ donation with his case manager at the new facility, provide any necessary information, and request a non-transfer emergency furlough. Accordingly, the Court will also decline to alter or amend the order on this basis.

Third, Mann requests the Court exercise its discretion to award a reduction based on the unusual length of his sentence. Mann states, "I have served nearly [eight] years in prison, which is very close to [ten] years. The Court can surely use its discretion to grant me a sentence reduction if it feels it is warranted, especially considering how close I am to the [ten] year mark." Mann's Motion at 3.

This argument wholly disregards the plain language of the policy statement, which permits a reduction based on the length of a defendant's sentence only where he "has served at least [ten] years of the term of imprisonment[.]" U.S.S.G. § 1B1.13(b)(6). The Court is thus unpermitted to alter or amend the order on this ground, either. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing a sentence reduction only if it is consistent with the policy statement).

4

Fourth, Mann reiterates his post-sentencing rehabilitative efforts. Mann notes he has been certified as a tutor/teacher's aide, he has completed two commercial driver's license courses, and he is actively participating in a faith-based program called Thresholds. Again, though the Court applauds Mann's accomplishments, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 944(t). The Court will therefore refrain from altering or amending the order on this ground, too.

Finally, Mann claims the sixth 18 U.S.C. § 3553(a) (Section 3553(a)) factor—the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct—weighs in favor of a sentence reduction. The Court emphasizes analysis of the Section 3553(a) factors is required only where it first holds extraordinary and compelling reasons justify a reduction. Nevertheless, in an abundance of caution, the Court will address Mann's contentions relative to this portion of the order.

Notwithstanding the Guideline range, the Court granted Mann a downward variance and sentenced him to the statutory minimum of 300 months of imprisonment. This sentence balanced Mann's role in the offenses, as well as his family ties and responsibilities, with the need to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, protect the public from his further crimes, and avoid unwarranted sentencing disparities among similarly situated defendants.

As for sentencing disparity specifically, the Court explained:

> [W]hile I think you have completely earned your [G]uideline range of 360 months to life, there is one [Section] 3553(a) factor . . . that I think does weigh in your favor, and that is my need to . . . avoid any unwarranted sentencing disparities. And the highest sentence that has been handed out so far in this case is 300 months [to Archie Arsenio Caldwell (Caldwell)], and although [Caldwell] is not at all really in the same situation as you, I don't want to be disparate in my sentences. And a 300-month sentence, which is the 25-year mandatory minimum, is a very significant sentence, it's a long sentence, and I don't see that a sentence in excess of that would

5

> really further any of the goals of sentencing. I think 300 months is enough and it's, frankly, the smallest amount that I can give you legally. Not that you don't deserve, in some respects, more than that, but . . . to achieve the purposes of sentencing, I think 300 months is sufficient, so I am going to grant the variance to the 300 months for all of those reasons.

Sentencing Hearing Transcript at 30–31. And, as the Court suggested in its prior order, this single factor is outweighed by the remaining factors.

Mann avers he "received the longest sentence of all the defendants" despite being involved in the conspiracy for only sixty to ninety days. Mann's Motion at 3. But, the record establishes he was integral to the drug trafficking organization.

Mann became involved in the organization by March 9, 2018, at the latest. By May 23, 2018, Mann had distributed 168 grams of cocaine; 2,922 grams of methamphetamine; 16,062.62 grams of converted fentanyl; 128 grams of heroin; and 3,796 grams of fentanyl. During this time, Mann also procured a pill-press machine and head stamps to manufacture counterfeit fentanyl-based pills. Law enforcement obtained a warrant for his arrest shortly thereafter.

Mann has a vast criminal history, about which the Court stated at his sentencing hearing:

> [I]f you're charged with a federal offense, [the Guidelines] really do drive your sentence. And you, unfortunately, have distinguished yourself in basically exceeding our charts. The highest criminal category we have is VI, and if we had a VII you'd be that, so, you know, it stays there and you're paying the price for that. . . .
>
> The characteristics of you, Mr. Mann, . . . as I've said, you've earned quite a distinction with your criminal history, and . . . there may be no violence at all, but there's this . . . disguising a VIN number. I mean, those are basic . . . dishonesty, deception, shortcuts. . . . [T]hat's criminal thinking and . . . it doesn't help you in this situation.

*Id.* at 28–29.

Mann notes the Court reduced the sentence of one of his codefendants, Caldwell, from 300 months to 200 months of imprisonment. But, as the Court explained at Mann's sentencing hearing, Caldwell was "not at all really in the same situation as [Mann]." *Id.* at 30. And, in any event,

Caldwell's reduction was based on the parties' concession the 300-month mandatory minimum failed to apply in the first instance.

Mann, on the contrary, has two prior convictions for serious drug felonies and was thus subject to the statutory minimum.  Even still, his 300-month sentence is below the average and median sentences imposed upon defendants with the same primary Guideline, primary drug type, final offense level, and criminal history category.  *Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited Oct. 29, 2025) (noting an average sentence of 324 months and a median sentence of 312 months).  The Court is therefore also unable to alter or amend the order on this ground.

*****

For all these reasons, the Court holds Mann has neglected to demonstrate the order should be altered or amended to correct a clear error of law or prevent manifest injustice.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Mann's motion for reconsideration, ECF No. 2269, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of October 2025, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE